**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ROBERT BLODGETT, PETER BOULEY,
CHRISTOPHER VISOCKY, and
RANDY ZORNBERG,

                                                       **ORDER**

                    Plaintiffs,

                                            13-3194 (JMA) (AKT)

          - against -


SIEMENS INDUSTRY, INC.,

                    Defendant.
-----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      In this diversity action, Plaintiffs allege that the Defendant, after promising them continued employment and that they would not be terminated, breached that promise and ultimately terminated them on April 19, 2013. *See generally* Complaint [DE 1]. Discovery has been ongoing in this case for some time. During the May 5, 2015 status conference, the Court addressed a number of outstanding discovery disputes, including several of Plaintiffs' complaints regarding Defendant's ESI production. *See* DE 59. As relevant here, the Court directed Defendant to produce additional ESI from custodians previously agreed upon by the parties (Kurt Schoonover, Thomas Schlesinger, Floyd Michael Alfer, Richard Lattanzi, and Brian Galloway) as well as two new custodians (Mr. Kashlick and Mr. Griffin), for the date range of March 2012 to September 30, 2012. *See id.* ¶¶ 9, 10. The Court set the deadline for Defendant to complete this production as June 11, 2015 and gave the parties until July 31, 2015 to raise any discovery disputes.

      The Court conducted a follow-up telephone conference on July 6, 2015, at which time Plaintiffs' counsel stated, in essence, that he believed Defendant had wrongfully withheld

documents from its ESI production after undertaking a privilege review.  *See* DE 66 ¶ 6.  The Court directed counsel to have a final meet-and-confer pursuant to their obligations under Local Civil Rule 37.3 and gave Plaintiff until the July 31, 2015 deadline previously set by the Court to file a letter motion seeking court intervention.  *See id.*  Plaintiff thereafter filed a motion to compel on July 31, 2015 regarding alleged deficiencies in Defendant's responses to Plaintiffs' Second and Third Requests for Disclosure/Production of Documents.  *See* DE 67.  The Court denied Plaintiff's motion, without prejudice and with the right to renew, on the grounds that it was not in compliance with Local Rule 37.1.  *See* 8/11/15 Elec. Order.

Presently before the Court is Plaintiffs' renewed letter motion to compel Defendant to respond to Request Nos. 1, 2, and 3 in Plaintiff's Third Request for Disclosure/Production of Documents, which were served on Defendant on July 22, 2015.  *See* Pls.' Mot. [DE 75].[1]  In its responses to these requests, Defendant raised multiple objections, including that the requests "seek[] documents outside the scope of the parties' agreements concerning the production of electronically-stored information ("ESI") as well as the Court's Orders regarding same, and on the grounds that [they are] untimely, having been served only nine days prior to the close of discovery."  *See id.* at 2.  Defendant now opposes Plaintiff's motion to compel in its entirety.  *See* Def.'s Opp'n [DE 77].  The Court will address each disputed request in turn.

Plaintiff's Request No. 1 seeks:  "All documents/emails correspondence, charts between any of the custodians previously identified responsive and/or addressing the contents of Plaintiffs' Exhibit '9' by Richard Lattanzi indicating a rejection of the proposal made therein and all follow up emails thereto from July 1, 2012 to April 30, 2013."  *See* Pl.'s Mot. at 1.  According to Plaintiff,

---

[1]  Plaintiffs state that they are no longer disputing Defendant's responses and objections to Plaintiff's *Second* Request for Disclosure/Production of Documents.  *See* Pl.'s Mot. at 1.

"Plaintiffs' Exhibit 9" referenced in this request is "a requisition form for a Manager of Sales created by Kurt Schoonover on September 11, 2012." *Id.* at 2.

Plaintiffs argue that documents responsive to Request No. 1 are "necessary" because Lattanzi testified during his deposition that he had never before seen Plaintiffs' Exhibit 9, and Plaintiffs are therefore entitled to "obtain all correspondence regarding this requisition form in order to establish the restructuring plan." *Id*. In opposition, Defendant asserts that it has already searched for and produced all responsive documents from January 1, 2013 to April 30, 2013 (*i.e.*, the date range originally agreed upon by Plaintiffs' former counsel and counsel for Defendant), and from March 1, 2012 to September 30, 2012 (*i.e.*, the date range set by the Court during the May 5, 2015 conference) which concerned the request for a sales manager and territory realignment plan referenced in Plaintiff's Exhibit 9. *See* Def.'s Opp'n at 2. Defendant points out that Plaintiff's Request No. 1 encompasses ESI from October 1, 2012 to December 31, 2012, "new dates that Plaintiffs had not previously requested" and which are outside the parameters ordered by the Court. *See id.* at 2 n.1. According to Defendant, "[i]t would be an extraordinary expense and unfair burden for Defendant to collect ESI for the new three month period encompassed by Plaintiffs' recent demands based on Plaintiffs' speculation that relevant documents referencing an earlier plan to eliminate Plaintiffs' positions while promising them continued employment might have been generated between those dates." *Id.* at 2-3.

As the parties seeking discovery, Plaintiffs "must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Goodloe v. City of New York*, 136 F. Supp. 3d 283, 291 (E.D.N.Y. 2015) (quoting *Annunziato v. Collecto, Inc.*, 296 F.R.D. 112, 120 (E.D.N.Y. 2013)) (internal quotation marks omitted). Moreover, Federal Rule of Civil Procedure 26(b)(1) only permits discovery of

> nonprivileged matter that is relevant to any party's claim or defense and ***proportional to the needs of the case***, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis supplied).[2]

Having considered the parties' arguments in light of these standards, the Court declines to compel Defendant to respond to Request No. 1. As Defendant points out in its opposition, compliance with this document request would require Defendant to search the ESI of all seven custodians using a third set of date parameters (*i.e.*, October 1, 2012 to December 31, 2012) not previously agreed to by the parties or authorized by the Court. Plaintiffs simply have not provided

---

[2] While Plaintiffs' motion to compel was pending, Rule 26 was amended to, *inter alia*, incorporate the "proportionality factors" which previously appeared in Rule 26(b)(2)(C)(iii) into the Rule 26(b)(1) definition of the scope of discovery. *Sibley v. Choice Hotels Int'l*, No. 14- CV-634, 2015 WL 9413101, at *2 (E.D.N.Y. Dec. 22, 2015); *see Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *13 (S.D.N.Y. Feb. 16, 2016) ("The 2015 amendments, however, did not establish a new limit on discovery; rather they merely relocated the limitation from Rule 26(b)(2)(C)(iii) to Rule 26(b)(1)."). As explained in the Advisory Committee's Note to the December 2015 amendment, the amended Rule 26(b)(1) "restores the proportionality factors to their original place in defining the scope of discovery" and "reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections." Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015); *see Sibley*, 2015 WL 9413101, at *2. Moreover, "the amended Rule is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse by emphasizing the need to analyze proportionality before ordering production of relevant information." *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789, 2016 WL 303114, at *3 (S.D.N.Y. Jan. 25, 2016). Ultimately, "the 2015 Amendments constitute a reemphasis on the importance of proportionality in discovery but not a substantive change in the law." *Vaigasi*, 2016 WL 616386, at *13 (citing *Robertson v. People Magazine*, No. 14-CV-6759, 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015) ("[T]he 2015 amendment [to Rule 26] does not create a new standard; rather it serves to exhort judges to exercise their preexisting control over discovery more exact-ingly."); *see* Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015) (stating that "[r]estoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality," and that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes").

the Court with a basis beyond speculation to believe that relevant information is likely to be uncovered as a result of requiring Defendant to undertake an additional search for the proposed three-month period. Nor is this search warranted in light of the ESI Defendant has previously produced in this case. Accordingly, Plaintiffs' motion to compel is DENIED with respect to Request No 1.

Plaintiffs' Request No. 2 seeks "[a]ll documents/emails between any of the custodians previously identified responsive and/or addressing the contents of Plaintiff's Exhibit '6' by Richard Lattanzi indicating a rejection of the proposal for an additional sales manager position made therein and all follow up emails thereto from July 1, 2012 to April 30, 2013." Pls.' Mot. at 2. Plaintiff's Exhibit 6 is a March 14, 2013 email from Schlesinger to Lattanzi providing details of Schlesinger's proposed reduction-in-force for Plaintiffs' group. *See* 3/14/13 Email, Def.'s Ex. A. In that email, Schlesinger references reducing the territory managers from 15 to 12 and states that he has to "look at the final territory breakdown. While we worked on this last August, the documents need to be refreshed and double checked." *See id.* Plaintiffs argue that Schlesinger's email (*i.e.*, Exhibit 6) "refers to Defendant working on a possible reduction of staff in August 2012," and Plaintiffs are therefore entitled to discover "all documents regarding the August 2012 plan in order to determine Defendant's motives and intentions for reduction of Plaintiffs' positions." Pl.'s Mot. at 2.

Lattanzi did not testify that Schlesinger's email refers to a "possible reduction of staff in August 2012." *See* Def.'s Opp'n at 3. When asked whether the Schlesinger's email referred to "a possible reduction in August of 2012," Lattanzi testified at his deposition that he did not "read [the email] that way. *See* Excerpts of Lattanzi Dep. Tr., 42:4-8, attached as Ex. B to Def.'s Opp'n. Rather, Lattanzi testified that, in his view, Schlesinger's reference to "last August" likely meant

5

that Defendant "reviewed the territory breakdowns in August [2012]," not that Defendant Siemens contemplated a reduction in force at that time. *Id.* at 42:8-12. Lattanzi further testified that he did not have any conversations with Schlesinger regarding a reduction in force in August 2012. *Id.* at 42:18-25.

In short, Lattanzi's deposition testimony does not support the additional discovery sought in Request No. 2. To the extent Plaintiffs wished to determine what Schlesinger meant in his March 2013 email and whether that email does, in fact, refer to an August 2012 reduction in force, they could have questioned Schlesinger about the email during his deposition, which was conducted more than four months after Defendant produced the email on April 1, 2014. *See* Def.'s Opp'n at 3. Plaintiff apparently elected not to do so. The Court will not require Defendant to search for additional discovery at this stage in the litigation to account for this omission, particularly given the nature of Lattanzi's testimony and Defendant's representation that it "has already produced all relevant documents concerning the [reduction-in-force] impacting Plaintiffs as well as the rejection of Schlesinger's earlier proposal to add an additional sales manager." *Id.* And although Plaintiffs assert that "Mr. Lattanzi's deposition revealed additional information that requires supplemental disclosure by Defendant," Plaintiffs have not identified this alleged "additional information." Their conclusory statement is insufficient to compel the discovery sought in Request No 2.[3] For the foregoing reasons, Plaintiffs' motion to compel is DENIED with respect to Request No. 2.

---

[3] The Court is also persuaded by Defendant's assertion that, to the extent the correspondence sought in Request No. 2 actually exists, it would already have been produced to Plaintiffs during Defendant's prior ESI production. *See* Def.'s Opp'n at 3. In particular, any emails created or within the possession of the agreed-upon custodians regarding an August 2012 reduction-in-force should have been captured in Defendant's ESI review, which encompassed ESI from March 1, 2012 to September 30, 2012, and January 1, 2013 to April 30, 2013. *See id.* at 2 n.2, 3.

Lastly, Plaintiff's Request No. 3 seeks: "[a]ny and all documents, emails, correspondence, charts related to the 'Project Merlin' between any employees and the custodians previously identified from January, 2011 through April 30, 2013 including but not limited to Anton Kratzer." Pl.'s Mot. at 3. According to Plaintiffs, Lattanzi testified during his deposition about Project Merlin, "a building technologies division-wide headcount plan in late 2012 or early 2013," and further stated that "Anton Kratzer was involved in Project Merlin and its outcomes." *Id.* Plaintiffs argue that since they "are not in any possession of any documents regarding Project Merlin and this plan specifically addresses Plaintiffs' claims, it is necessary for Plaintiffs to obtain the requested documents." *Id.*

In its opposition, Defendant notes that Lattanzi testified Project Merlin was a reduction-in-force "across all of the Building Technologies division." Def.'s Opp'n at 3. That being the case, Defendants assert that Plaintiffs have failed to explain how a reduction-in-force "concerning other employees in other organizations has any relevance to Plaintiffs' claims." *Id.* Defendant further argues that "Plaintiffs are not entitled to confidential documents and correspondence concerning other, unrelated [reductions-in-force] the Company conducted, and likewise are not entitled to search ESI of Anton Kratzer, a high-level executive, who, as Lattanzi testified, received correspondence concerning [reductions-in-force] simply to keep him apprised of the status." *Id.* at 3-4. Defendant states that, in any event, "correspondence to Kratzer concerning the [reduction-in-force] impacting Plaintiffs, who were in Lattanzi's group, likely would have been sent by Lattanzi and therefore caught in Defendant's ESI collection and review." *Id.* at 4 n.2.

From the parties' submissions and their representations of Lattanzi's deposition testimony, it appears to the Court that Project Merlin was an overarching reduction-in-force encompassing not only Plaintiffs' group, but other groups within Defendant's Building Technologies division. The

7

Court therefore finds that documents, information, and correspondence regarding *a particular reduction-in-force within Project Merlin which resulted in the termination of Plaintiffs' employment* are relevant and should be produced. However, Plaintiffs are not entitled to discover information about reductions-in-force in other groups/divisions which were affected pursuant to Project Merlin but were unrelated to Plaintiffs' termination. Although relevance is to be construed broadly for the purposes of discovery, *see Goodloe*, 136 F. Supp. 3d at 291, this case is not a class action and Plaintiffs' claims concern only the termination of *their* employment by Defendant. *See generally* Compl. Additionally, to the extent Plaintiffs seek to compel Defendant to search for ESI within the possession of yet another custodian, Mr. Kratzer, the Court finds they have not provided adequate support for this request. Nor will the Court compel Defendant to search for Project Merlin-related ESI using the expanded dates proposed by Plaintiffs (*i.e.*, from January 2011 through April 30, 2013).

Accordingly, Plaintiffs' motion to compel is GRANTED with respect to Request No. 3. Specifically, the Court is requiring Defendant to search for documents, information, and correspondence regarding a reduction-in-force conducted pursuant to Project Merlin which concerned Plaintiffs' group and the termination of Plaintiffs' employment. Defendant is to search for this ESI using the date ranges (*i.e.*, March 1, 2012 to September 30, 2012, and January 1, 2013 to April 30, 2013) and the six custodians (*i.e.*, Schoonover, Schlesinger, Alpher, Lattanzi, Galloway, Kashlick, and Griffin) previously agreed upon by the parties. To the extent responsive ESI exists which has not already been produced, Defendant is to provide it to Plaintiffs by **August 31, 2016**. To the extent that the search yields no responsive ESI, Defendant must provide Plaintiffs with an affidavit from a person with knowledge attesting to (1) how the search was

conducted, (2) by whom, (3) the results of the search, and (4) why the search yields no responsive information.  The affidavit is to be produced by **August 31, 2016**.

For the foregoing reasons, Plaintiffs' motion to compel is GRANTED, in part, and DENIED, in part.  During the July 6, 2016 conference, the Court set August 19, 2015 as the deadline for the parties to file a letter request for a pre-motion conference to Judge Azrack for purposes of moving for full or partial summary judgment.  *See* 8/12/15 Elec. Order.  Defendant's counsel timely filed a pre-motion request before Plaintiffs filed their motion to compel.  *See* DE 71. Judge Azrack denied Defendant's request, without prejudice and with leave to renew pending this Court's decision on Plaintiffs' motion to compel.  *See* 2/12/16 Elec. Order.  If Defendant's counsel intends to renew their request for a pre-motion conference before Judge Azrack, she must do so by **September 9, 2016.**  This Court continues to hold in abeyance the dates for the Joint Pre-Trial Order and the Pre-Trial conference in accordance with Judge Azrack's practices.

**SO ORDERED.**

Dated: Central Islip, New York
August 9, 2016

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge